IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LAUREN POWELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | NO.  18-4881 |

**MEMORANDUM OPINION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Plaintiff seeks award of attorney's fees against the Commissioner of Social Security, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  For the reasons stated below, the motion will be denied.

I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed for Disability Insurance Benefits ("DIB") under Title II of the Act on April 27, 2015.  Plaintiff's application was denied on September 16, 2015, and she requested review by an Administrative Law Judge ("ALJ").  (Tr. 87). A hearing was held before an ALJ on June 29, 2017.  (Tr. 50-74).  In a decision dated November 15, 2017, the ALJ denied the plaintiff's application for benefits. (Tr. 25-44).  Plaintiff sought review in the Appeals Council, which was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1– 4).

Plaintiff filed a complaint in this court on November 13, 2018.  (Doc. 1).  For the first time, plaintiff contended that pursuant to Lucia v. S.E.C.,138 S.Ct. 2044, 2055 (2018) the

1

presiding ALJ was improperly appointed and therefore lacked legal authority to decide the plaintiff's case.  (Doc. 10 at 10-14.)

In Lucia the United State Supreme Court held that ALJs employed by the Securities and Exchange Commission ("SEC") were inferior officers subject to the Appointments Clause of the United States Constitution and that a party who makes a timely challenge to the constitutional validity of the appointment of the officer who adjudicates his or her case is entitled to relief.  138 S.Ct. 2044, 2055 (2018).  The Supreme Court considered whether the SEC ALJs were inferior officers who needed to be appointed pursuant to the requirements of the Appointments Clause.  In that case, the SEC brought an administrative action against Lucia, alleging violations of securities law.  Id. at 2049-50.  A hearing was held before an SEC ALJ who imposed sanctions after finding that the plaintiff violated certain securities laws. Id.  Plaintiff appealed arguing that the ALJ's appointment by SEC staff members violated the Appointments Clause, thus the ALJ lacked constitutional authority to adjudicate the administrative proceeding.  Id. at 2050, see also U.S. Const., art. II, § 2, cl. 2 (inferior officers must be appointed by "the President," "Courts of Law," or "Heads of Departments.")

The Supreme Court held that the SEC ALJs were inferior officers subject to the requirements of the Appointments Clause.  Id. at 2055.  The Court held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case" is entitled to relief.  Id. (quoting Ryder v. United States, 515 U.S. 177, 182-183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)).

Lucia involved the SEC's ALJs, however, it had effect on ALJs in other agencies, including the Social Security Administration ("SSA").  Following Lucia, the President signed an

executive order that amended the process of future ALJ appointments.  Exec. Order No. 13,843,

83 Fed. Reg. 32755 (July 10, 2018).  On July 16, 2018, the Acting Commissioner of the SSA

ratified the appointments of the SSA ALJs and approved their appointments.  Soc. Sec. Admin.,

EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of

Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018).

The Administration also instructed ALJs how to respond to Appointments Clause challenges,

and the Department of Justice ("DOJ"), through a memorandum from the Office of the Solicitor

General to all Agency General Counsel, "advised agencies [to] request voluntary remands only

in cases where the challenge is 'timely raised and preserved both before the agency (consistent

with applicable agency rules) and in federal court,' but where a claim is not timely raised,

agencies should argue the challenge is forfeited." See Culclasure v. Comm'r of Soc. Sec.

Admin., 375 F. Supp.3d 559, 563-64 & n.39 (E.D. Pa. 2019) (Kearney, J.) (citing Guidance on

Administrative Law Judges After Lucia v. SEC (S.Ct.), July 2018, 132 Harv. L. Rev. 1120, 1122

n.34 (Jan. 10, 2019)).

Plaintiff in the instant matter conceded that she failed to present an Appointments

Clause claim before the ALJ and the Appeals Council.  (Doc. 10 at 11.)  The Commissioner

responded that the plaintiff's Appointments Clause claim should be dismissed because it was not

timely raised by the plaintiff during the Administrative Process.  (Doc. 11 at 15-24.)  On July 30,

2019, the undersigned granted plaintiff's request for review, finding that plaintiff was not

required to have exhausted her Appointments Clause challenged during the administrative

process and remanded the case for a new hearing before a different, constitutionally appointed

ALJ.  (Docs. 15-16).  The issue of exhaustion for an Appointments Clause challenge was brought

before the Third Circuit on appeal from a case in the Middle District of Pennsylvania in <u>Cirko ex</u>

<u>rel. Cirko v. Commissioner of Social Security</u>, 948 F.3d 148 (3d Cir. 2020).  On January 23,

2020, the Third Circuit held that claimants for Social Security disability benefits could make

Appointments Clause challenges "in federal court without having exhausted those claims before

the agency."  <u>Cirko</u>, 948 F.3d at 152.  On June 1, 2020, plaintiff filed the instant motion for

attorney's fees under the EAJA. (Doc. 20).

II.    LEGAL STANDARDS

The basic legal framework for an award of attorney's fees under the Equal Access

to Justice Act ("EAJA"). The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses, in addition
> to any costs awarded pursuant to subsection (a), incurred by that party in any civil
> action (other than cases sounding in tort), including proceedings for judicial
> review of agency action, brought by or against the United States in any court
> having jurisdiction of that action, unless the court finds that the position of the
> United States was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).

In <u>Pierce v. Underwood</u>, the Supreme Court provided guidance as to the definition

of "substantially justified," explaining that "as between the two commonly used connotations of

the word 'substantially,' the one most naturally conveyed by the phrase before us here is not

'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to

a degree that could satisfy a reasonable person."  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565

(1988).  The government has the burden of showing that its position was substantially justified.

<u>Scarborough v. Principi</u>, 541 U.S. 401, 441 (2004)(<u>quoting</u> 28 U.S.C. § 2412(d)(1)(A)).  To

satisfy this burden and defeat a prevailing party's application for fees, the government must

establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)(citation omitted).  Furthermore, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Id. at 685.  Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law.  See id. at 684.  The analysis evaluates the government's position as a whole, thus, the court must consider "not only the position taken in the litigation but the agency position that made the litigation necessary in the first place."  Id. (quoting Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).  Thus, unless the government's pre-litigation and litigation positions have a reasonable basis in both law and fact, the government's position is not substantially justified.  Hanover Potato Products, Inc., 989 F.2d at 128; see also Taylor v. Heckler, 835 F.2d 1037, 1040 (3d Cir. 1988) ("[T]he government is deemed to have two positions for EAJA purposes, both [of which] must be substantially justified.... [I]f either government position does not bear scrutiny, the prevailing party should be awarded attorneys' fees [and other reasonable fees and expenses].").

Plaintiff did not dispute that she did not raise the Appointments Clause challenge at the agency level, thus, the issue was not an issue as to the facts.  Rather, the Commissioner's argument was whether the plaintiff's claim was forfeited for failure to raise at the agency level, which was an argument on the law.  The standard for determining whether, for purposes of the

EAJA, a party has a reasonable basis in law for a position was set out by the Court of Appeals in

Washington:

> If ... the case turns on an unsettled or "close question of law," ... the government usually will be able to establish that its legal theory was "reasonable," even if it was not ultimately accepted as legal by the courts. When the government's legal position clearly offends legal precedent, however, its position cannot be said to be "substantially justified."

 Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)(quoting Dougherty v. Lehman, 711

F.2d 555, 563 (3d Cir. 1983)). "Therefore, for the government, in relying entirely upon a legal

argument, to establish that its position was substantially justified, it must demonstrate that that

argument presented an unsettled or close question of law." Lee v. Johnson, 799 F.2d 31, 38 (3d

Cir. 1986).

III.    DISCUSSION

        The Commissioner's response to the plaintiff's motion for attorney's fees argues

that said motion should be denied because the government's position was "substantially

justified." (Doc. 21).  Plaintiff's reply to the Commissioner's response alleges that the

government's pre-litigation position was not "substantially justified." (Doc. 22).  In determining

if the government's position was "substantially justified," as the Commissioner now argues, we

will consider both the pre-litigation and litigation positions.

        A.      Whether the Commissioner's Pre-Litigation Position was Substantially
                Justified

        Plaintiff argues that the Commissioner's pre-litigation position was

unconstitutional and was not substantially justified.  (Doc. 21).  Plaintiff argues that as of

November 29, 2017, the Commissioner was aware that the ALJs were not constitutionally

appointed.  Plaintiff supports this argument with the fact that on November 29, 2017 the

government represented in a pleading to the United States Supreme Court that the government no

longer believed that the nation's ALJs had any legal authority to decide cases unless they had

been given an appointment in a manner consistent with the Constitution. Lucia v. S.E.C., Brief

for Respondent, 2017 WL 5899983 *9-10 (Nov. 29, 2017).   Plaintiff notes that the Appeals

Council in the instant matter did not render a decision until September 18, 2018, well after the

government's brief in Lucia was filed.  (Tr. 1-4).  Plaintiff argues that the Commissioner had

time to respond appropriately at the agency level and raise the Appointments Clause challenge

on plaintiff's behalf.  Thus, plaintiff argues that the Commissioner's pre-litigation position was

not substantially justified.  The Commissioner argues that "[a]t the administrative level, the

Commissioner reasonably did not address the appointment of the ALJ because plaintiff never

raised any objection at the administrative level. An administrative agency's action or inaction is

reasonable if it does not offend "settled law." See Vacchio v. Ashcroft, 404 F.3d 663, 675 (2d

Cir. 2005) (finding the agency action substantially justified because, although the action was

found unconstitutional in other cases, "this issue [was] far from settled law") (cited by Johnson

v. Gonzales, 416 F.3d 205, 210 (3d Cir. 2005) (finding that settled law made the government's

position unreasonable after new facts required application of a different asylum standard)).  No

settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must

sua sponte raise an Appointments Clause issue that was not raised by the claimant."  (Doc. 21 at

5).

The issue before this court on appeal from the administrative level was whether

the plaintiff forfeited her Appointments Clause challenge.  Following Lucia, the Commissioner

conceded that SSA ALJ's were not constitutionally appointed.  The issue at bar was not the

constitutionality of the ALJ's appointment, but rather, the requirement of exhaustion of

Appointment Clause challenge.  At the pre-litigation administrative level, the issue of exhaustion

of the Appointments Clause claim was not settled law.  The Court in <u>Lucia</u> considered if ALJs

for the SEC were properly appointed, not ALJs for the SSA.  In <u>Lucia</u>, the Supreme Court held

that a new hearing should be granted if one makes a "timely challenge" to the constitutionality of

the appointment of an ALJ.  <u>See</u> 138 S. Ct. at 2055.  But the Supreme Court did not define what

qualifies as a "timely challenge." <u>See</u> <u>id.</u>  The Commissioner has taken the position that plaintiff

was required to exhaust her Appointments Clause challenge before the ALJ.  As noted by my

colleague, the Honorable Elizabeth T. Hey, U.S.M.J, "[t]he law on the Appointments Clause

before <u>Lucia</u> was neither clear nor settled. As explained by Justice Sotomayor in her dissent in

<u>Lucia</u>, "[t]he Court today and scholars acknowledge that this Court's Appointments Clause

jurisprudence offers little guidance on who qualifies as an 'Officer of the United States.'. . . This

confusion can undermine the reliability and finality of proceedings and result in wasted

resources." <u>Lucia</u>, 138 S. Ct. 2044, 2064-65 (Sotomayor, J., dissenting)."  <u>Marant v. Saul</u>, Civ.

No. 18-4832, 2020 WL 3402416 at *4 (E.D. Pa. June 19, 2020).

      As explained by the undersigned in the Memorandum and Opinion granting the

instant plaintiff's request for review, following <u>Lucia</u> the law on whether a plaintiff was required

to exhaust the Appointments Clause claim before the ALJ remained unsettled law.  The majority

of district courts throughout the country found that a plaintiff was required to exhaust the issue,

while our own district was split in the decision on the issue.  The law was not settled in this

district until the Third Circuit issued its decision in <u>Cirko</u>, holding that claimants for Social

Security disability benefits could make Appointments Clause challenges "in federal court

without having exhausted those claims before the agency."  948 F.3d at 152.

Although the plaintiff here now argues that the Commissioner's pre-litigation

position on Lucia was unconstitutional because the Commissioner knew that the ALJs were not

constitutionally appointed, the Commissioner has never taken the position that the ALJs were

constitutionally appointed after Lucia.  Instead, the issue here has been whether plaintiff was

required to exhaust her Appointments Clause claim.  Plaintiff admittedly did not raise the

Appointments Clause claim at the administrative level.  The Commissioner did not raise the

issue on plaintiff's behalf before the Appeals Council, and we know of no authority requiring the

Commissioner to do so.   The Commissioner positions that it was for the plaintiff  to raise the

Appointments Clause challenge before the ALJ.  Regardless, it is clear that the question as to

whether the the Appointments Clause challenge was required to be exhausted before the ALJ

remained unsettled law in our district until the Third Circuit decision in Cirko.  Based on all of

the above, we find the Commissioner's pre-litigation position was substantially justified.  See

Washington, 756 F.2d at 961-62 (government's legal position will generally be substantially

justified where law was unsettled).

B.      Whether the Commissioner's Litigation Position was Substantially
        Justified

The Commissioner argues that its litigation position, raising forfeiture was

likewise reasonable.  (Doc. 21).  The Commissioner acknowledged that "the Third Circuit in

Cirko disagreed with the Commissioner and found that exhaustion is not required in the context

of a claimant who challenged the appointment of an SSA ALJ", however, "this was a close

question of unsettled law."  (Doc. 21 at 6).  The Commissioner supports this argument by

explaining that "26 out of the 27 district courts that had decided the issue, including the Eastern

District of Pennsylvania, had rejected attacks on the validity of an SSA ALJ's appointment

where the claimant failed to make the constitutional challenge at the administrative level (See

ECF Dkt. No. 14, at 12-21).  As of this filing, the vast majority of district courts outside of the

Third Circuit have agreed with the Commissioner's position.  See Dewbre v. Comm'r of Soc.

Sec., 2019 WL 4344288, at *6 (N.D. Iowa Sept. 12, 2019) (collecting cases from 23 districts)."

(Doc. 21 at 6).

As explained above, the government has the burden of demonstrating that its

position is "substantially justified," through establishing "(1) a reasonable basis in truth for the

facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable

connection between the facts alleged and the legal theory advanced."  Morgan v. Perry, 142 F.3d

670, 684 (3d Cir. 1998).

The Commissioner satisfies the first prong of its burden.  Plaintiff acknowledges

that she did not raise an Appointments Clause challenge during the administrative process.  Thus,

the Commissioner had a "reasonable basis in truth for the facts alleged."  Morgan, 142 F.3d at

684.

Second, the Commissioner had a reasonable basis in law for the theory it

propounded.  The Commissioner argued that "plaintiff's failure to assert a challenge to the ALJ's

appointment before the agency at any point in the administrative proceedings forfeited her

Appointments Clause claim."  Doc. 11 at 16.  The Commissioner alleged that "a constitutional

challenge under the Appointments Clause is "non jurisdictional," and thus a party may forfeit its

Appointments Clause argument by failing to raise it."  Doc. 11 at 16.  The Commissioner then

cited numerous cases that supported the claim that an Appointments Clause challenge can be

forfeited for failure to exhaust.  Doc. 11 at 16, citing D.R. Horton, Inc. v. NLRB, 737 F.3d 344,

351 & n.5 (5th Cir. 2013)(declining to consider Appointments Clause challenge to NLRB

members that plaintiff "failed or neglected to raise . . . before the Board"); NLRB v. RELCO

Locomotives, Inc., 734 F.3d 764, 795, 798 (8th Cir. 2013)(holding that plaintiff could not seek

review of Appointments Clause challenge to NLRB members "because it did not raise the issue

before the Board"); see also, e.g., Freytag v. Commissioner, 501 U.S. 868, 878-79 (1991); id. at

893-94 (Scalia, J., concurring in part) ("Appointments Clause claims, and other structural

constitutional claims, have no special entitlement to review. A party forfeits the right to advance

on appeal a non jurisdictional claim, structural or otherwise, that he fails to raise at trial.").  The

Commissioner provided a reasonable basis in law.

    We note that after Lucia, but before Cirko, there were differing opinions on

whether an Appointments Clause claim must be exhausted within the Eastern District of

Pennsylvania and the Third Circuit.  A number of cases were remanded, finding no exhaustion

requirement at the Administrative level.  See, eg. Bizarre v. Berryhill, 364 F. Supp. 3d 418,

424–25 (M.D. Pa. Mar. 4, 2019) (finding the Third Circuit precedent established there is no issue

preservation requirement at the Appeals Council level and the SSA lacks a "statutory analogue"

to other agencies' requirements that issues be raised administratively or risk forfeiture);

Culclasure v. Comm'r of Soc. Sec. Admin., 375 F. Supp. 3d 559, 573–74 (E.D. Pa. 2019)(Lucia

claim of forfeiture should be excused based on Bizarre reasoning); Kellett v. Berryhill, No. CV

18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (remanding to a different ALJ,

finding claimant did not need to raise the Appointments Clause claim at the administrative level);

Ready v. Berryhill, No. 18-04289, 2019 WL 1934874, at \*3 (E.D. Pa. Apr. 30, 2019).  During

the same time, many EDPa cases were dismissed, based on a finding there was an exhaustion

requirement at the administrative level.  See, eg. Muhammad v. Berryhill, 381 F. Supp. 3d 462,

471 (E.D. Pa. 2019) (holding that plaintiff forfeited his Appointments Clause claim due to failure

to exhaust); Marchant ex rel. A.A.H. v. Berryhill, No. CV 18-0345, 2019 WL 2268982, at \*8

(E.D. Pa. May 28, 2019) ("failed to raise a timely Appointments Clause challenge"); Cox v.

Berryhill, No. 16-5434, 2018 WL 7585561, at \*2 (E.D. Pa. Dec. 18, 2018) (finding

Appointments Clause challenge waived).

> A position taken by the Commissioner may be deemed  "substantially justified"
even where the Commissioner may not prevail on the merits.  See Pierce, 487 U.S. at 569.
Although the Third Circuit in Cirko ultimately held that Appointments Clause challenges are not
subject to the exhaustion requirements and can be raised for the first time on review in the
district court,  this does not compel a finding that the Commissioner's position pre-Cirko lacked
substantial justification. See id.; see also Cortese v. Comm'r of Soc. Sec, No. 18-3437, 2020 WL
2745741, at \*1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not
mean the Commissioner lacked substantial justification for his position and is not the basis for a
fee award to a claimant under the Act.").  As the cases cited above indicate, the courts reached
different conclusions on the Appointments Clause exhaustion issue based on legal precedent.
Those cases show that the Commissioner had a reasonable basis in law for its continuing legal
position.

> The Commissioner also meets the third and final element, which requires a
showing that there is "a reasonable connection between the facts alleged and the legal theory

advanced." <u>Morgan</u>, 142 F.3d at 684.  Plaintiff did not raise the Appointments Clause challenge at the administrative level, which omission  provided a reasonable connection between that fact and the Commissioner's legal theory that exhaustion was required.  Thus, the Commissioner has shown that its litigation position was substantially justified.

IV.     CONCLUSION

Based on the foregoing, the Commissioner has met the burden of showing that its position was substantially justified.  Accordingly,  the plaintiff's motion for attorney's fees will be denied.  28 U.S.C. § 2412(d).  An appropriate order follows.

BY THE COURT:

/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE